UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LISA TORNABENE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CITY OF BLACKFOOT, a political subdivision of the State of Idaho; and MARC CARROLL, in his individual and official capacity,<br><br>　　　　Defendants. | Case No. 4:22-cv-00180-AKB<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is Defendants' Objection to Plaintiff's Untimely Filing (Dkt. 79) and Plaintiff's Motion to Extend Deadlines Related to Daubert Motions (81). Defendants argue that Plaintiff's reply brief in support of her Daubert motion should be stricken as untimely. Plaintiff seeks an extension of the deadlines for both her response to Defendants' Daubert motion and her reply in support of her own Daubert motion, citing excusable neglect due to a calendaring error. For the reasons set forth below, the Court will grant Tornabene's motion to extend deadlines and overrule Defendants' objection to her untimely filing.

## I. BACKGROUND

On January 23, 2025, this Court entered its Amended Order Setting Trial (Dkt. 71), which established specific deadlines for Daubert motions, which included that motions were due by June 27, 2025; responses were due by July 11; and replies were due by July 18. These court-ordered deadlines were shorter than the deadlines set forth in District of Idaho Local Rule 7.1 and those automatically generated by the CM/ECF system.

**MEMORANDUM DECISION AND ORDER** - 1

Plaintiff timely filed her Daubert motion on June 26, 2025, and Defendants timely filed their response on July 11. Plaintiff, however, filed her response to Defendants' motion on July 18 and her reply in support of her own motion on July 25—both according to the auto-generated CM/ECF deadlines rather than the Court's shortened deadlines set forth in its Amended Order Setting Trial.

## II.   ANALYSIS

Local Rule 7.1(a)(6) establishes that court-ordered deadlines supersede both the deadlines set forth in Local Rule 7.1 and the automatically generated CM/ECF deadlines. Plaintiff acknowledges that the Court's scheduling order controlled over the auto-generated deadlines and that her filings were technically untimely. Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure, however, permits a court to extend time after expiration "if the party failed to act because of excusable neglect." The Court must consider four factors: (1) the danger of prejudice to the nonmoving party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith.

Here, Plaintiff's counsel initially calendared the correct deadlines from the Court's Amended Scheduling Order, as evidenced by the timely filing of Plaintiff's Daubert motion. When the CM/ECF system generated conflicting deadlines, however, the staff for Plaintiff's counsel inadvertently believed a calendaring error had been made and changed the calendar to match the auto-generated deadlines. This change occurred while both supervising attorneys were out of the office on vacation. The Ninth Circuit has recognized that calendaring errors can constitute excusable neglect. *Washington v. Ryan*, 833 F.3d 1087, 1099 (9th Cir. 2016).

Applying the four-factor test: (1) there is no evidence that Defendants suffered any prejudice from the late filings—indeed, Defendants themselves filed their own reply late on

July 22, 2025, after the July 18 deadline; (2) the delay was minimal (seven days for the reply) and the Daubert motions are concise, minimizing any impact on proceedings; (3) the delay resulted from an inadvertent calendaring error during counsel's absence, not willful conduct; and (4) Plaintiff acted in good faith. As all four factors weigh in support of a finding of excusable neglect, the deadlines for Plaintiff's response to Defendants' Daubert motion and Plaintiff's reply in support of her own Daubert motion are extended to July 18 and July 25, 2025, respectively.

## III.  ORDER

IT IS ORDERED that:

1. Defendant City of Blackfoot and Marc Caroll's Objection to Plaintiff's Untimely Filing (Dkt. 79) is **OVERRULED**.

2. Plaintiff Lisa Tornabene's Motion to Extend Deadlines Related to Daubert Motions (Dkt. 81) is **GRANTED.**

DATED: August 05, 2025

Amanda K. Brailsford
U.S. District Court Judge

**MEMORANDUM DECISION AND ORDER - 3**