UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LISA TORNABENE,<br><br>            Plaintiff,<br><br>v.<br><br>CITY OF BLACKFOOT, a political subdivision of the State of Idaho,<br><br>            Defendant. | Case No. 4:22-cv-00180-AKB<br><br>**MEMORANDUM DECISION AND ORDER RE: PLAINTIFF'S RENEWED OMNIBUS MOTION IN LIMINE (DKT. 84)** |

Pending before the Court is Plaintiff's Renewed Omnibus Motion in Limine (Dkt. 84). Having reviewed the record and the parties' submissions, the Court finds that the facts and legal argument are adequately presented and that oral argument would not significantly aid its decision-making process, and it decides the motion on the parties' briefing. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B); *see also* Fed. R. Civ. P. 78(b). For the reasons set forth below, the Court grants in part and denies in part Plaintiff's motion.

## BACKGROUND

Following summary judgment, Tornabene has two outstanding claims remaining for trial, including Count I for disability discrimination and Count II for failure to accommodate, both of which are alleged under the Americans with Disabilities Act Amendments Act, 42 U.S.C. § 12101, *et seq.*, and the Idaho Human Rights Act, Idaho Code § 67-5901, *et. seq.*[1] Tornabene has filed an omnibus motion in limine seeking to exclude: (1) Mayor Carroll's testimony about unidentified

---

[1] Tornabene also alleged her disability discrimination and failure to accommodate claims under the Rehabilitation Act of 1973, 29 U.S.C. § 701, *et seq*. Tornabene, however, is no longer pursuing her claims under the Rehabilitation Act (Dkt. 89 at 2 n.1).

**MEMORANDUM DECISION AND ORDER - 1**

individuals' alleged complaints about her; (2) surveillance videos showing her onsite after hours; and (3) evidence of retirement benefits from her former employer, Merck & Co ("Merck retirement benefits").

## LEGAL STANDARD

Motions in limine are a procedural mechanism to limit in advance testimony or evidence in a particular area. *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009). Like other pretrial motions, motions in limine are useful tools to resolve issues which would otherwise clutter up the trial. *City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1070 (9th Cir. 2017). A motion in limine should not be used, however, to resolve factual disputes or weigh evidence. *C&E Servs., Inc. v. Ashland Inc.*, 539 F. Supp. 2d 316, 323 (D.D.C. 2008). Further, rulings on motions in limine are provisional, are not binding on the trial judge, and may be revised during trial. *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000). As such, a ruling on a motion in limine is essentially a preliminary opinion that falls entirely within the discretion of the district court. *City of Pomona*, 866 F.3d at 1070; *see Luce v. United States*, 469 U.S. 38, 41 n.4 (1984).

## ANALYSIS

### A.   Complaints About Plaintiff's Remote Work

Tornabene moves to exclude evidence of alleged complaints regarding her remote work (Dkt. 84-1 at 3). Specifically, she seeks to exclude Mayor Caroll's testimony regarding unidentified individuals complaining about her working remotely (*id.*). In response, the City agrees Mayor Carroll will "not [] present evidence of other complaints that were made by Department Heads regarding Plaintiff's refusal to return to work," unless Tornabene opens the door to such evidence (Dkt. 95 at 2). Tornabene acknowledges this agreement in her reply (Dkt. 98 at 1).

**MEMORANDUM DECISION AND ORDER - 2**

Tornabene's motion in limine, however, appears to be somewhat broader than merely seeking to exclude Mayor Caroll's testimony about other's complaints regarding Tornabene's remote work. For example, Tornabene argues that "no witness should be allowed to offer any testimony regarding any alleged complaints about Plaintiff working remotely" (Dkt. 84-1 at 8; *see also* Dkt. 98 at 2) ("[A]ny allegations raised by [Rex Moffett, Wade Gardener, Princeton Lee, and Kevin Gray] claiming that Plaintiff's remote work caused discontent, or caused delay in resolving HR issues, or any other claimed demerit against Plaintiff are irrelevant."). In support, Tornabene argues "there is no evidence to support" "that anyone complained about [her] working remotely" (*id*).

The City's agreement to limit Mayor Carroll's testimony does not address Tornabene's request to exclude *all* testimony about complaints of her remote work. At this time, the Court declines to rule that no witness can testify about such complaints. The City identifies numerous trial witnesses who it represents will testify, for example, about the difficulties they had communicating with Tornabene while she was working remotely and that they had to handle various human resources functions in her absence (*see* Dkt. 94). To the extent these witnesses have personal knowledge about Tornabene working remotely, including complaints, that evidence is relevant to whether being present in-person was an essential function of the job and whether Tornabene was performing the essential functions of the job.

B.  Video

Tornabene also moves to exclude surveillance video of her "coming to the office during evening hours" (Dkt. 84-1 at 8). She describes the video as showing her "husband assisting her with filing and taking care of business after hours for tasks that required her to physically be in the City building" (*id.*). In support of her assertion that the video should be excluded, Tornabene argues

**MEMORANDUM DECISION AND ORDER - 3**

it is irrelevant because it "had no influence or impact on the decision to terminate [her] employment" and that as a result, it would "confuse and mislead the jury" and "cause unfair prejudice" (*id*. at 8, 9).

The City opposes Tornabene's motion to exclude the video, arguing it is probative of whether regular in-person attendance was an essential function of Tornabene's position and whether she could perform those essential functions. The Court agrees. The jury will be required to resolve the factual issues of what the essential functions of Tornabene's position are and whether she is "qualified" to perform those functions. Video showing Tornabene performing functions onsite and with assistance is directly relevant to these factual questions. Further, the video's probative value is substantial and not outweighed by the danger of unfair prejudice, confusion, or misleading the jury. Fed. R. Evid. 403. Accordingly, the Court declines to exclude the video.

C.  **Merck Retirement Benefits**

Finally, Tornabene moves to exclude any evidence of her Merck retirement benefits. In support, she argues her retirement benefits from unrelated employment is a collateral source income, which may not be used to reduce her damages and is, thus, irrelevant (Dkt. 84-1 at 9-10). In response, the City argues it does not seek to introduce Tornabene's Merck retirement benefits to offset damages; rather, it seeks to introduce evidence of these benefits "to explain why Plaintiff failed to mitigate her damages" (Dkt. 95 at 4). It surmises that because Tornabene "has been or will be receiving retirement benefits from her previous job [she] simply did not need to mitigate her damages" (*id.* at 5).

The Court agrees with Tornabene that her Merck retirement benefits are not relevant to any issue in this case. Regardless of her available resources, Tornabene had a duty to mitigate her damages. At issue is whether Tornabene's mitigation efforts were reasonable, not whether she was

motivated to mitigate her damages. Evidence of her Merck retirement benefits does not tend to make her mitigation efforts to reduce her damages in this case either more or less reasonable. Accordingly, the probative value of this evidence is minimal, and any conceivable relevance is substantially outweighed by the danger of unfair prejudice and juror confusion. Fed. R. Evid. 403. For this reason, the Court will exclude any evidence of Tornabene's Merck retirement benefits.

## ORDER

For the foregoing reasons, IT IS ORDERED that Plaintiff's Renewed Omnibus Motion in Limine (Dkt. 84) is **GRANTED IN PART AND DENIED IN PART**, as follows:

1. Per the parties' agreement, the City will not introduce Mayor Carroll's testimony about other's complaints regarding Tornabene's remote work unless she opens the door to that evidence. To the extent Tornabene seeks to exclude all evidence regarding her working remotely, however, that motion is **DENIED**.

2. The Court **DENIES** Tornabene's motion to exclude video evidence of her at the office after hours.

3. The Court **GRANTS** Tornabene's motion to exclude evidence of her Merck retirement benefits.

DATED: October 30, 2025

Amanda K. Brailsford
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 5