UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LISA TORNABENE,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF BLACKFOOT, a political subdivision of the State of Idaho,<br><br>    Defendant. | Case No. 4:22-cv-00180-AKB<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is Plaintiff's Renewed Motion in Limine/Motion for Reconsideration (Dkt. 110). Having reviewed the record and the parties' submissions, the Court finds that the facts and legal argument are adequately presented and that oral argument would not significantly aid its decision-making process, and it decides the motion on the parties' briefing. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B); *see also* Fed. R. Civ. P. 78(b). For the reasons set forth below, the Court denies Plaintiff's motion.

## BACKGROUND

DeLyn Porter prepared a vocational evaluation report dated March 28, 2025 (Dkt. 73-2 at 21). In that report, he states he "conducted a job search of current job openings within a 50-mile radius of Blackfoot [that Tornabene] is considered qualified to pursue" (Dkt. 73-2 at 35). Based on this search, Porter opines Tornabene had access to ten "current" job openings (*id*).

MEMORANDUM DECISION AND ORDER - 1

In his report, Porter identifies those job openings in a chart (*id.*) On that chart, he has a row for each job opening entitled "Job Posting," "Employer," "Job Title," "Location," and "Job Description" (*id.* at 35–58). For six of the openings, Porter includes a number in the "Job Posting" row; for the remaining openings, he includes "Indeed.com" in the "Job Posting" row (*id.*). Additionally, for each opening, Porter includes a lengthy description of the job in the "Job Description" row; this text appears to be cut and pasted from the actual posted job openings (*id.*).

Tornabene neither deposed Porter nor retained a rebuttal expert (Dkt. 112). Instead, after the City of Blackfoot produced Porter's report, Tornabene moved in limine to exclude his opinion that there were numerous, available job openings for which Tornabene was qualified (Dkt. 73; Dkt. 73-2 at 1 at ¶ 3, 16–19). In support, Tornabene's counsel attested that Porter's report did not include any of the job postings and did not "identify a web address or link where the posting[s] could be found" and that Defendant never produced "any of the alleged job postings" (Dkt. 73-2 at 2 at ¶ 4; *see also* Dkt. 73-1 at 11). Based on this representation, the Court excluded Porter's opinion that there were numerous job openings within a 50-mile radius of Blackfoot for which Tornabene was qualified because the opinion was not supported by sufficient facts and data (Dkt. 83 at 8-9).

The City then moved for reconsideration of this ruling (Dkt. 101-1). It explained that Porter identified in his report where the job openings were posted by noting for each opening in the "Job Posting" row either "Indeed.com" and the Idaho Department of Labor's "exact reference number" for the opening (*id.* at 3). This information is, indeed, contained in that row for each identified opening (Dkt. 73-2 at 35–58). Further, the City explained that Porter's repeated reference to "current" in his report was intended to indicate that the ten openings on which he relied were available on March 28, 2025—the date of his report (Dkt. 101-1 at 4). Finally, the City submitted

**MEMORANDUM DECISION AND ORDER - 2**

the affidavit of the general manager of the Aberdeen-Springfield Canal Company authenticating one of the job openings on which Porter relied (Dkt. 101-2).

Based on this information, the Court reconsidered its ruling (Dkt. 108). It noted that at the time of its initial ruling, it did not understand the information underlying Porter's opinions, i.e. the job postings, were publicly available on the internet (*id.* at 3). After conducting its own investigation, the Court determined the information on which Porter relied was publicly available on the internet (*id.*). Accordingly, the Court ruled Porter would be permitted to testify that around March 28, 2025, there were numerous job openings within a 50-mile radius of Blackfoot, which Tornabene was qualified to pursue and that if she were actually seeking employment around that time, she could secure new employment meeting or exceeding her earnings with the City (*id.* at 5).

## ANALYSIS

Tornabene moves for reconsideration of the Court's ruling on reconsideration (Dkt. 110).[1] In support, she argues that the City had an obligation to produce the job posting under Rule 26(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, which governs a party's initial disclosures, and under Rule 26(a)(2)(B)(ii), which governs expert witness disclosures.

The Court disagrees that the initial disclosure requirements under Rule 26(a)(1)(A)(ii) apply to expert witness disclosures. Tornabene cites no authority for this proposition. Absent any authority to the contrary, this Court construes the more specific provision of Rule 26 governing expert witness disclosures as the applicable provision. *Cf. Von Funderburk v. Block*, 68 F.3d 482, 1995 WL 623413, at *2 (9th Cir. Oct. 20, 1995) (unpublished) (noting more specific procedural

---

[1] Tornabene titles her motion as both a "renewed motion in limine" and as a "motion for reconsideration" (Dkt. 110). The City argues Tornabene's "renewed motion" is untimely. Because the motion deals with the same issue as the Court's ruling on Tornabene's original motion in limine to exclude Porter's testimony, the Court construes it as a motion for reconsideration.

rule governs); *In re Hejazi*, 24 B.R. 608, 609 (B.A.P. 9th Cir. 1982) (noting specific rule controlled over generalized description of practice and procedure); 6 CHARLES A. WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 1479 (2d ed. 1990) (discussing relationship of Rules 15 and 21 and noting Rule 15 controls).

Rule 26(a)(2)(B)(ii) governs expert witness disclosures and provides in relevant part that the expert must disclose "the facts or data considered by the witness" in forming opinions. Here, Porter relied on job postings he located on the internet. He included that data in his expert report by including the text of the postings in a chart in his report. Although Tornabene challenges this method of disclosure as inadequate, she does not identify in what form she expected Porter to disclose the job postings. To the extent that Tornabene is asserting Porter was required to print the job posting for disclosure, the Court sees no meaningful distinction in this case between Porter including the text of the postings in his report or producing copies of the posting. Further, the Court agrees that *Daniels v. Big GRRRL Big Touring, Inc.*, No. CV 24-3571, 2025 WL 2947013 (C.D. Cal. Sept. 30, 2025), is distinguishable from this case. In that case, the magistrate court recommended a ruling that a defendant had no obligation to serve a request for production for test results which the plaintiff's expert generated and considered. *Id.* at *7. This case is factually distinguishable.

At trial, Porter will be limited to testifying about the job openings based on the data he produced in his report regarding those openings. He will not be permitted to testify to any information regarding the openings not contained in his report. If Tornabene believes that Porter fabricated the openings or that the postings for the openings are incomplete, she may obviously cross-examine on those facts. Keith Pinkerton shall also be permitted to testify as the Court ruled

**MEMORANDUM DECISION AND ORDER - 4**

in its Memorandum Decision and Order Re Motion for Reconsideration (Dkt. 108 at 7). Accordingly, Tornabene's motion to reconsider (Dkt. 110) is **DENIED**.

DATED: December 23, 2025

Amanda K. Brailsford
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 5